May it please the Court. My name is Stephen Eugster. I am appearing on my own behalf in these proceedings. The Court has asked us to respond to the State Court of Appeals decision which said that I should have raised my due process and procedural argument in my disciplinary proceedings back in 2005. I'd like to explain, hopefully briefly, why that case cannot be considered by this Court. We start off with a fallacy of logic, a fallacy that the Ninth It is that two wrongs do not make a right. Well, sometimes they do in the law is the problem because we have preclusion laws, rules, right? We have preclusion rules and if the first court which decides an issue makes a mistake, we are often bound by it, no? Only if you can get it in the record. I'm sorry? Let me explain what that means. Preclusion is an issue concerning res judicata. First of all, Your Honors, the first wrong is the decision of the superior court. Judge Cosa ruled that the court did not have jurisdiction. And we all agree, I think, I agree with you anyway, that incorrectly the judge should have said what the Court of Appeals said. But your point is that we can't pay any attention to what the Court of Appeals said? That's correct, Your Honor. Why? First of all, Judge We agree with your point on that, that if all we had here was the superior court order, issue preclusion would not apply or claim preclusion. I'm not sure which it is in this case. It really doesn't matter. But the Court of Appeal then says, no, no, you should have, superior court, thrown this out on the merits. And that's, we are bound in this case to respect the res judicata rules of the state of Washington. So tell us why we shouldn't respect that decision. Your Honor, the decision of the Court of Appeals is not a part of the record in this case. We can take judicial notice of decisions of our, of state courts. It's published. It's not evidentiary. It's published. We've looked at it. It's not like it's a piece of testimony. We, why, are you telling us we must ignore it? Yes. Yes. You must. But, you see, the way we get to this, as I understand it, is the following. We need to decide for ourselves. There is a res judicata issue in this case or a preclusion issue. And we need to decide whether or not the first State decision is preclusive. Okay? Don't we need to do that? I mean, that's an issue in this case. I mean, the appellate, first of all, the appellate court I'm not talking about, I'm not, I get to the appellate decision secondarily. But the original first State decision is preclusive here. Washington Supreme Court decision in 2009. We need to figure out whether that's preclusive. Can I explain? The issue of preclusion was decided by the Court of Appeals by doing this. The Court of Appeals reversed Judge Koza's decision. Reversed the decision. Then the Court of Appeals exercised jurisdiction and decided the issue of preclusion. Right. And we're not, we're not, we don't need to be precluded by that. But we need to decide, but we can look to that law, to that case as informing, telling us what Washington law is with regard to the preclusive effect of the earlier decision. May I? Don't we need to do that? Not as part of the record in this case, but as information about Washington preclusion law. No. Why? Well, because the Court didn't have jurisdiction to make that decision. It was acting in excess of few points. No court can make a decision on other grounds unless there are other grounds on which to make the decision. This court can't make a decision in this case on the appellate case decision because it's not grounds in this proceeding. The Court of Appeals could not make the decision on other grounds because the, there was no record regarding the evidence pertaining to preclusion. Let me, let me put you in a different direction here. All right. See if you can help me. Forget about the Superior Court decision. Forget about the Court of Appeals decision. Let's assume they didn't exist at all. Tell me why your claims are not precluded by the Washington Supreme Court decision in 2009. Let's assume we had no direction from the Washington courts on whether they were preclusive in, was preclusive in your case. I don't know. Your Honor, how would you even get to that? Well, here's how I'd get to it. Okay. It seems to me that a basic rule of, of issue preclusion, and the Washington courts seem to follow it, is that one must raise on appeal all arguments about the infirmity of a trial or the lower proceedings or waive them. And so all your complaints about what was done wrong to you in that initial set of disciplinary proceedings should have been raised to the Washington Supreme Court who could have ruled on them or not ruled on them. So that's, even in the absence of these two recent decisions by the Washington courts, I, I'm kind of inclined to think that the Washington Court of Appeals analysis of res judicata was correct. So tell me why it was wrong. It didn't have any jurisdiction to make the decision. I'm, I'm not, I forget, I asked you to forget about its jurisdiction. I can't forget about it, Your Honor. You cannot exercise jurisdiction you don't have. But you see, but you're assuming, excuse me, it's still, whether or not it is a preclusive, it, the court of appeals decision is a preclusive one in this case. It's still an informative one about what Washington preclusion law is and what we need to, what, what we apply is Washington preclusion law, right? No, you can't apply Washington. Of course we apply Washington preclusion law. You cannot apply it because you don't have the facts in the record. I'm sorry? Which facts don't we have? You don't have the court of appeals decision in the record. We, we don't, all right. And I've asked you again, so let me just make this, I want to make it a simple question for you. Let's assume that the proceedings in the, in the superior court in the court of appeals never took place. This is a hypothetical, so I'm asking you to suspend current belief. This, the, your opponents say your claims are precluded. We have to decide whether your claims are precluded, whether or not the Washington court ever addressed this issue. So tell us why your claims are not precluded. This court does not have the issue of preclusion before it. Well, it's exactly the issue the other side raised as a defense in the district court. They, they raised it. The district court may have relied on the wrong Washington decisions in reaching its decision, its position. I don't care about that. I want to know why in your case your claims are not precluded. Well, first of all, the court did not have jurisdiction to decide that. Forget about jurisdiction. I'm asking you a very simple, substantive question. Why aren't your claims in this case precluded? The evidence would show I had no idea there was any unconstitutionality regarding the Washington state disciplinary system. I had no idea. This is the first time I'd ever been involved in a, in a disciplinary action. Let me finish. I had no idea. How could I have raised it if I didn't have an idea? Was I supposed to somehow look forward and come up with this idea? You're saying until it proceeded, you didn't have, until it went forward, until it went, you didn't have any idea because you didn't read the rules, or you didn't have any idea because until it actually operated, it didn't, the due process violation wasn't apparent. Your Honor, you don't understand what has happened. I went through a disciplinary proceeding. I was suspended for 18 months. That was a terribly traumatic decision. I found out, as I learned, that the system did not provide a fair trial. When did you learn that? When did I learn that? After you, after the Supreme Court ruled or while you were in the system? Well, I learned that because. When? Not because. I'm running out of time and I'm not able to get my. Go ahead. Please go ahead. Okay. While I was going through my suspension, the counsel that brought the disciplinary action against me began investigating a grievance that he had sitting on his desk for a few years. I said, my goodness, they're threatening me again. So I went to the district court. Obviously, I met the younger abstention doctrine did not apply because there was an eminent risk of claim. Brought the action, what happened? The Bar Association dismissed the case or the grievance. So case number two was moot. I filed case number three, which was to question the constitutionality of mandatory association in the state. Not in front of us here, so move on. All right. But the case four and case five are emanations of the threat of disciplinary action that was recreated. Okay, let me ask you about that. The second thing we asked you to address, as I recall, is as I understand it the second disciplinary proceeding is completely over. Is that right? That's correct. It was dismissed. So why do you have standing now, or put another way, why isn't it moot? You want to talk about the stipulation? Yes. The stipulation, after they got into the position of investigating me on a complaint or a grievance that actually was dead. Nothing had been happening on it for weeks, months. So from their investigation they came up with an ethical violation, supposedly it was a conflict of interest, which didn't really exist. And that has been resolved, right? You've stipulated to, what is it, 60 days and two years probation? Yeah. 30 days. It wasn't that. Given that that has been resolved, how do you have standing here? Well, first of all, I'm the appellant in the case. The case is on appeal. The case was found against me based upon the state court decision saying it didn't have jurisdiction. So it goes up on appeal. The appellate court says the state court was wrong, it does have jurisdiction, and now Judge Farring said I'm going to go through an analysis and find out whether you should have raised this issue way back in 2009. But what is your current interest in all of this? Pardon? What is your current interest in all of this? Why do you have authority to be in this court, what's your case or controversy about all of this problem when you're not? I mean, the only way it seems to me that you can maintain your case is if you have some allegation that either they're going to discipline you again or some reason, some continuing interest affected by their disciplinary proceeding. What is it? Well, the case, this case. Are you trying to undo any of the disciplines that already happened? No. So what are you doing? I'm trying to get the court to look at the unfairness. All right. But how are you injured now by whatever unfairness there may be in the future? And focus on the 2016, the most recent discipline, the discipline that you stipulated to. What's your injury from that that we're supposed to remedy? Well, I was forced into it, obviously. Nobody wants to mess with the Washington State Bar Association. Once they have decided they're going to try to do something to you, they do it. But we can only, as you recognized yourself, we can only because of Rooker Feldman and Younger, we can only remedy prospective injuries. So what's your prospective injury from the state bar with respect to this stipulated discipline? Well, are you saying that the case is moot now? Yes, that's what I'm saying. Because of what? The case is moot because you've chosen not to challenge this discipline in the Washington courts, which was your right. And secondly, you haven't alleged any prospective injury with respect that you haven't said, and they're coming after me again. Let me understand it very simply. I had standing to bring the action. You did at the time. At the time. And then facts changed. You brought the action, and then the facts on the ground changed. And we're asking you whether the fact that you voluntarily stipulated to a discipline moots any claim that there will be prospective damage from that discipline. That's so unfair, Your Honor. The court of appeals did not have jurisdiction to render that decision. You have to accept that. Because this court itself is limited by its appellate jurisdiction. Okay. You know, we're way out of time, so I appreciate it. Can I just do a quick wrap-up? Sure. Go ahead. All right. The court of appeals decision would have to be tested in the Federal Court, because the court of appeals decision is only res judicata if it had jurisdiction. The court of appeals didn't have jurisdiction because it was acting in excess of its jurisdiction. And secondly, the court of appeals could only affirm on the basis of the record, just as this court can only act on the basis of the record in excess of its jurisdiction. All right. We understand that. Thank you very much. Thank you. Thank you. Good morning. May it please the court. Jessica Skelton for Appelese, the Washington State Bar Association employees and officials. Douglas Endy, Paula Littlewood, and Francesca D'Angelo, I'll refer to them as the WSBA. This court may affirm the district court on any ground that's supported by the record. Here we would ask that this court affirm the district court's decision that this matter is precluded under the doctrine of res judicata. What about the standing question, or this question? Sure. So I can address standing first. We do believe that Mr. Yoogster lacks standing in order to bring his controversy. There are two disciplines at issue here, the one that went up to the Washington Supreme Court in 2009, and as to that, I understand that your argument is that there's a preclusion. Correct. As to the second one, the stipulated discipline, which seems to be a subject of the complaint, there's nothing preclusive out there. We just, we, is there? Actually, we would argue that that order is also preclusive. What order? The order entered by the Washington Supreme Court in the most recent disciplinary proceeding. The order approving the stipulated sanction? Correct. Yes. Because that went up through the state system, and any objections to it should have been raised along there. Correct. Okay. And in fact, Mr. Yoogster did raise constitutional objections in that proceeding, and then stipulated to entry of the order suspending it. Okay. Can you address the question we asked Mr. Yoogster? If we just focus on that second one, we don't have jurisdiction unless somebody's here to prevent a prospective injury. Is there any allegation of prospective injury in this case? I'm not aware of any prospective injury. I do not believe that Mr. Yoogster has standing to bring his claims at this time, now that the second. What does it mean to be on probation? I believe it means, although I'm not sure it's in the record, I believe it means that the Bar Association monitors his activities. So if he's going to be monitored for two years, does that provide some sort of theoretical future injury? I think it would be entirely speculative unless there was some basis in the record that indicated that he was likely to be subject to disciplinary proceedings. If he were complaining about the nature of the monitoring, that might be a different. In other words, he was saying, I agreed to monitoring, but they're searching my house and my drawers. That might be something that would give rise to a 1983 claim, would it not? I think in the context of this case, if he were to provide facts that his due process were being violated based on the monitoring. Post-suspension. Correct. Or post-stipulated discipline. Correct. When is the monitoring over? Do you know that? I'm sorry, I didn't quite hear. Do you know when the monitoring is over? I believe that the order was entered in June. Let's see. No, actually, I think the order was entered in 2017, so probably 2019. I see.  Yes, this court does give effect, as the judges have indicated, to decisions of the State courts when determining whether those orders are preclusive in addition to giving effect to State substantive law and making those determinations. Well, we're not bound by the decision of the Court of Appeals, correct? Well, I think the — It's just an interpretation of Washington law that we might give deference to, but we're only — you're not claiming that that decision is law of the case here, are you? I don't believe it's law of the case, but I think there's strong precedent, and it's U.S. Supreme Court precedent. It's Meagher v. Warren City School District Board of Education, which indicates that federal courts do give effect to State court judgments in the same way that they give effect to State substantive law. So you're — so there are two possible ways to look at this. One is that we are giving preclusive effect to the preclusion decision of the Washington Court of Appeals. That seems problematic to me. I mean, to give a — I haven't thought it through, but a preclusion about the preclusion seems a little peculiar. But on the other hand, in doing preclusion ourselves, we apply Washington law, i.e. in our society, what is the preclusive effect of the original Washington Supreme Court decision? We would apply Washington law, and we have a pretty good clue about Washington law, but Washington law is because the Washington Court of Appeals has told us. An alternative is, as you suggest, that this very issue has already been litigated in the State courts, and he can't take a lateral appeal to us, if you will. Correct. He's brought this very claim in the State courts and lost, and that therefore there is issue preclusion — there is claim preclusion, not issue preclusion. Correct. Raised judicata. And to answer Judge Berzon's questions, yes, you would apply Washington law. And I struggled with can there be raised judicata about raised judicata myself, but I think the point is, is that that's a determination that Mr. Euster has had a full and fair opportunity to litigate this issue previously. The issue being the preclusive effect. Correct. I mean, I must say that if I were going back to the beginning and thinking about whether, you know, de novo, without the advice of the Washington Court of Appeals, there was actually preclusion, I don't think it's so obvious. Well, I agree there's an issue with the district court's decision in this case, but there are also — Well, aside from the district court's decision, the original — the notion would have to be that he should have raised in the original Washington proceedings about the other discipline, complaints about due process, the scheme, which, as he said, hadn't worked its way through yet. And until the second one occurred, it seems to me he has a not bad argument that the second one, he shouldn't have been precluded by the first one. But the Washington Court of Appeals says he was. So the Washington Court of Appeals did look to that first disciplinary proceeding. There is another preclusive order here that I think it's worth looking at, which is Euster 3, and that was the Western District of Washington case where he brought constitutional claims against the WSBA. He did make allegations regarding due process in that case. I thought those claims were — and I must admit it, you can correct me if I'm wrong, but I thought those claims in Euster 3 were sort of the mandatory state bar claims that we see occasionally. It was a First Amendment challenge. It wasn't a particular challenge to his disciplinary proceedings. It was a challenge that the Washington state bar shouldn't exist or have any power. So the arguments, the claims in that case were First Amendment claims, but he made allegations regarding due process. And, in fact, the reason he does not want to be a member of the bar or to associate with it is because he does not want to be subject to the disciplinary process. So I think you could make a preclusion argument that went like this. You brought this case in 2015 or so. Euster 3 was brought in 2015, I think. By then, you must have known of all your due process claims against the Washington bar, so you should have combined in that proceeding any and all claims that arose. The difficulty is that of the same transaction, and I have no idea what transaction he was attacking in 2015. But that's really the problem, that for this to be claim preclusion, the fact that it was a different discipline seems to me to be a real problem. I do think it's also important to look at the nature of the claim here, which is relatively amorphous. There's not a specific allegation relating to any specific occurrence that occurred within the disciplinary proceedings. It's just a generalized, it's not a fair process. Yes, but still, I mean, if you – I mean, there's some old case about different tax years, and they may have – which they may have treated as one transaction. But in general, if you, you know, run – if you have a car accident once and you want to complain, and then you have another car accident, and you have some complaint about – a legal complaint about the structure of the statutes or whatever, if it's a different transaction, it's not claim preclusion, usually. That's – I found this surprising. So in this instance, the nucleus of facts is Mr. Eugster's objections to the WSBA discipline system. Well, that's not a nucleus of facts, because obviously it depends on particular – particulars. That's why I have trouble with treating Roman numeral III as preclusive. It may or may not be, but I'm not sure it matters. Right, and again, we don't have specific allegations relating to a specific disciplinary proceeding that we're dealing with with respect to Mr. Eugster's due process claim, and that I think is one of the issues. We have also argued an alternative ground of failure to state a claim of a due process violation here in addition to res judicata, standing, mootness, and ripeness. What did the Washington Court of Appeals say about why this was res judicata? So the reasoning was is that the Court of Appeals determined that Mr. Eugster had not argued that the discipline system had changed between the time that his order was entered in 2009 in any material way such that he wouldn't have been able to raise his due process violation at that time. It really did look at the nature of his due process claim, which is very similar. I mean, the claims were nearly identical, what he alleged in the superior court proceedings as what he alleged here. He tends to file mirror image complaints, and that's what occurred. And so when the Court of Appeals looked at that, they said there isn't anything that has changed versus when that first order was entered. And we can look at that, determine it's preclusive, and stop there. It didn't look at, for example, whether Eugster III was preclusive or whether his most recent discipline proceeding were also preclusive, though WSBA would argue that they are. Here there really are four separate potential orders that would preclude Mr. Eugster's claims in this case. Okay. Unless you have any further questions, I would ask that this Court affirm the district court with prejudice. Thank you very much. Thank you.
judges: Thacker, Berzon, Hurwitz